**LITTLER MENDELSON, P.C.**
Scott A. Forman (admitted pro hac vice)
I. Michael Kessel (Bar Roll No. 514136)
900 Third Avenue, 8th Floor
New York, New York  10022
(212) 583-9600
Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMY G. DEJOHN,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>WALMART STORES EAST, LP,<br>WALMART STORES EAST, INC.,<br>WALMART STORES, INC. and<br>DONALD DEFEO, as an Aider and<br>Abettor,<br><br>　　　　　　　Defendants. | Index No. 09-CV-1315 (GTS) (ATB)<br><br><br>**JOINT PRETRIAL STIPULATION** |

A. <u>Basis for Federal Jurisdiction</u>

Plaintiff's Amended Complaint, as modified by the Court's August 17, 2012 Order on Summary Judgment, alleges discrimination in compensation based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e <u>et seq.</u>, and the Equal Pay Act, 29 U.S.C. §206 <u>et seq.</u> Jurisdiction is proper pursuant to 26 U.S.C. §1331.  The Court has supplemental jurisdiction over Plaintiffs' claim of discrimination in compensation under N.Y. Human Rights Law, N.Y. Executive Law §290 <u>et seq.</u>, pursuant to 28 U.S.C. §1367(a).

B.   List of Exhibits That Can Be Stipulated Into Evidence

1. Management Guidelines for Discrimination and Harassment Prevention Policy, dated January 25, 2008 (D775-777)

2. Management Guidelines for Discrimination and Harassment Prevention Policy, dated June 20, 2005 (D778-780)

3. Discrimination and Harassment Prevention Policy, updated October 16, 2007 (D781-83)

4. Discrimination and Harassment Prevention Policy, updated July 22, 2008 (D784-87)

5. Open Door Policy, Revised May 1, 2004 (D794-96)

6. Open Door Policy, Revised November 3, 2006 (D797-99)

7. Open Door Policy, Revised July 3, 2007 (D800-02)

8. Open Door Policy, Revised February 1, 2008 (D803-05)

9. Statement of Ethics, dated July 1, 2005 (D839-869)

10. Statement of Ethics, dated September 2008 (D870-905)

11. E-mail from Chad Marcus Lutrell dated October 22, 2008, with attachments (D928-30)

12. Facility Management Incentive Program FY 2007 (D2776-82)

13. Facility Exempt Management Pay Plans effective 2/3/07 (D2783-92)

C.   Relevant Facts Not in Dispute

1. Plaintiff was hired by Walmart on July 12, 1993 as a management trainee.

2

2. Plaintiff was promoted to Assistant Manager in 1993, and in August 1998, she became a Co-Manager of the Rome, New York Store. In May 2000, Walmart promoted Plaintiff to Store Manager in the Oneida, New York Store.

3. In 2006, there was a restructuring of the Company, and among other things, the Company eliminated the District Manager position and replaced it with a Market Manager position. Mr. DeFeo became a Market Manager.

4. As a Store Manager, Plaintiff received annual performance appraisals from Mr. DeFeo.

5. Plaintiff was paid $12,550.91 in November 2008 for a Transitional Incentive Award for the Fiscal Year End January 31, 2007.

6. During all relevant times, the Walmart Fiscal Year was from February 1 to January 31. For example, the Walmart Fiscal Year End ("FYE") 2006 was from February 1, 2005 to January 31, 2006, and Walmart's FYE 2007 was from February 1, 2006 to January 31, 2007.

7. Plaintiff's compensation included a salary and a potential bonus.

8. In FYE 2007, as part of a Company-wide restructuring, the compensation structure for all Store Managers was changed, from one based solely upon profit to one based on yearly profit and store revenues.

9. To assist in the transition to that new bonus program for FYE 2007, all Store Managers were advised that, for FYE 2007, *i.e.*, the first year of the new program, no Store Manager would be paid less overall compensation than what he or she would have received if the bonus plan for FYE 2006 was utilized in FYE 2007.

10. Plaintiff's employment with Walmart ended on October 2, 2008.

11. Plaintiff's termination of employment is not at issue in this case.

12. Plaintiff filed her NYSHRL and her EEOC Complaints on November 7, 2008. A Right to Sue letter issued on September 1, 2009.

13. Plaintiff filed her Complaint on November 24, 2009.

D. Relevant Facts in Dispute

1. Whether Plaintiff can establish by a preponderance of the evidence that her bonus plan for FYE 2007 was more difficult to attain than those of her similarly-situated male counterparts, and whether Plaintiff can establish by a preponderance of the evidence that her gender was the reason for the alleged increased difficulty?

2. Whether Plaintiff can establish "willfulness" for purposes of extending the statute of limitations for her EPA claim to three years?

3. If Plaintiff can establish by a preponderance of the evidence that she was subjected to unlawful gender discrimination in her compensation, what amount of damages, if any, did she suffer?

E. Issues of Law to be Considered and Applied by the Court

1. Whether Plaintiff's compensation claims are barred by the applicable statutes of limitations?

2. Whether Walmart discriminated against Plaintiff with respect to her bonus pay for FYE 2007 under Title VII, the Equal Pay Act and/or the New York Human Rights Law?

3. Whether Don DeFeo aided and abetted discrimination under the New York Human Rights Law?

4. Is Plaintiff entitled to liquidated damages?

Date: New York, New York
February 28, 2013

O'HARA, O'CONNELL & CIOTOLI

By: *s/ Stephen Ciotoli*
Stephen Ciotoli (Bar Roll No. 512228)
7207 East Genesee Street
Fayetteville, New York 13066
(315) 451-3810
Attorneys for Plaintiff

LITTLER MENDELSON, P.C.

By: *s/ I. Michael Kessel*
Scott A. Forman (admitted pro hac vice)
I. Michael Kessel (Bar Roll No. 514136)
900 Third Avenue
New York, NY 10022
(201) 583-9600
Attorneys for Defendants

5