**LITTLER MENDELSON, P.C.**
Scott A. Forman (admitted pro hac vice)
I. Michael Kessel (Bar Roll No. 514136)
900 Third Avenue, 8th Floor
New York, New York  10022
(212) 583-9600
Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMY G. DEJOHN, | Index No. 09-CV-1315 (GTS) (ATB) |
| Plaintiff, | **DEFENDANTS' PROPOSED REQUESTS TO CHARGE** |
| v. | |
| WALMART STORES EAST, LP, WALMART STORES EAST, INC., WALMART STORES, INC. and DONALD DEFEO, as an Aider and Abettor, | |
| Defendants. | |

Defendants hereby submit the following proposed instructions to be given to the jury at the close of the trial of this action. Defendants respectfully request leave to submit revised or additional requests based upon the evidence actually adduced at trial or to conform with any rulings of law the Court may render during the course of these proceedings including the rulings on the pending motions in limine.

Pursuant to the Court's directive, Defendants have not included other general charges that are appropriate to this case. Defendants request that in addition to the proposed requests annexed hereto, the Court also instruct the jury, *inter alia*, regarding equal treatment of corporate parties,

the burden of proof, use of deposition testimony at trial, that all evidence need not be presented by a party, and the jury's need to decide the case without sympathy or bias.

Dated:  February 28, 2013

LITTLER MENDELSON, P.C.


By: _s/ I. Michael Kessel_
    Scott A. Forman (admitted pro hac vice)
    I. Michael Kessel (Bar Roll No. 514136)
Attorneys for Defendants
900 Third Avenue
New York, NY 10022
(212) 583-9600

**DEFENDANTS' REQUESTS WITH RESPECT TO LIABILITY INSTRUCTIONS**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1**
**ANTI-DISCRIMINATION STATUTES AFFORD NO SPECIAL TREATMENT**

The anti-discrimination statutes upon which the Plaintiff bases her claims in this case do not require that persons be accorded preferential treatment because of their gender. Thus, you should bear in mind that Plaintiff was not entitled to special consideration regarding the bonus plan given to her for the Oneida Walmart store.

Authority: *Parcinski v. Outlet Co.*, 673 F.2d 34, 37 (2d Cir. 1982), *cert. denied*, 459 U.S. 1103 (1983); *Lewis v. Hill*, 2005 U.S. Dist. LEXIS 1747, *21 (S.D.N.Y. Feb. 1, 2005); *Brundage v. National Broadcasting Co.*, 1993 U.S. Dist. LEXIS 9901 *33 (S.D.N.Y. July 20, 1993); *see also Blackwell v. Cole Taylor Bank*, 152 F.3d 666, 672 (7th Cir. 1998) (where jobs are eliminated in a restructuring or a reduction in force, older workers have no greater entitlement to consideration than the younger employees).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2
### DISPARATE TREATMENT

Plaintiff bases her lawsuit on Title VII of the Civil Rights Act of 1964 and the New York Human Rights Law.

An unlawful employment practice is established when the complaining party demonstrates that sex was a motivating factor in any employment practice, even though other factors may have also motivated the practice.

To prove her claim, Plaintiff must prove by a preponderance of the evidence:

First, that Walmart gave Plaintiff a more difficult bonus plan in Fiscal Year End ("FYE") 2007 than similarly situated male Store Managers in Mr. DeFeo's Market. For purposes of determining whether a male Store Manager was "similarly situated" to Plaintiff, Plaintiff must show that she is similarly situated in all relevant respects, including reporting to the same supervisor, being governed by the same bonus plan, and having a store with the same characteristics, such as its sales volume, profit volume, sales history, profit history, physical size, customer base, products, competition, proximity to another Walmart store, and whether construction occurred at the store during the fiscal year;

Second, that if Plaintiff received a substantially more difficult plan for FYE 2007, that she suffered a materially significant change in her compensation as a result; and

Third, that Plaintiff's gender was a motivating factor in Walmart's decision to allegedly give Plaintiff a more difficult bonus plan. A motive is defined as something that causes a person to act. For this factor, you must consider whether Plaintiff proved by a preponderance of the evidence that her allegedly more difficult bonus plan for FYE 2007 was issued to her "because of" her gender. Thus, Plaintiff must prove that her gender *caused* Walmart to give Plaintiff the bonus plan she received.



Your verdict must be for Walmart if Plaintiff has failed to prove any of these required elements by a preponderance of the evidence.

Authority: *42 U.S.C. § 1981a(a)(1)* and *(c)(1)*, as added by the CRA of 1991, section 102; *42 U.S.C. § 2000e-2(a)*; *42 U.S.C. § 2000e-2(m)*, as added by the CRA of 1991, section 107(a); *42 U.S.C. § 2000e-5(g)(2)(B)*, as added by the CRA of 1991, section 107(b); *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 118 S. Ct. 998 (1998); *Feingold v. New York*, 366 F.3d 138 *(2d Cir. 2004)*; *Desert Palace, Inc. v. Costa*, 123 S. Ct. 2148 (2003); *Galabya v. New York City Bd. of Ed.*, 202 F.3d 635, 640 (2d Cir. 2000); *Renz v. Grey Advertising, Inc.*, 135 F.3d 217 (2d Cir. 1997); *Shumway v. UPS, Inc.*, 118 F.3d 60, 64 (2d Cir. 1997); *Brown v. Middaugh*, 41 F. Supp. 2d 172, 184 (N.D.N.Y. 1999).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3
### PRETEXT

Walmart has offered evidence that it gave Plaintiff the bonus plan she received in FYE 2007 entirely for nondiscriminatory reasons, including that Plaintiff's bonus plan was based entirely on previous sales and profits at the Oneida store, and that Plaintiff failed to establish by a preponderance of the evidence that the other male store managers in her Market were "similarly situated" to her in all relevant respects and/or to the extent that a male store manager in her Market was "similarly situated to her in all relevant respects, that Plaintiff failed to establish by a preponderance of the evidence that such male store manager receive a substantially more favorable bonus plan than Plaintiff in FYE 2007. Additionally, please remember that it is the Plaintiff's burden to prove that the motivating reason for the decision was intentional gender discrimination and that an employer may take adverse actions against an employee for any reason, good or bad, as long as, for purposes of this case, it is not due to gender discrimination. However, you should scrutinize the reasons proffered by Walmart, just as you would any other evidence. To discredit Walmart's reasons, Plaintiff cannot simply show that Walmart's actions were wrong or mistaken. Rather, Plaintiff must prove Walmart's reasons are false *and* that unlawful and intentional gender discrimination was the true reason for its treatment of Plaintiff. Plaintiff bears the ultimate burden of proving to you by a preponderance of the evidence that Walmart's actions were taken because of Plaintiff's gender. If Plaintiff has not proven this to you, you must find for Walmart.

Authority: *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-507 (1993); *Joseph v. Leavitt*, 465 F.3d 87, 93 (2d Cir. 2006); *Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981)*; *McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)*; *Mario v. P & C Food Mkts. Inc.*, 313 F.3d 758, 767 (2d Cir. 2002).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4
### EQUAL PAY ACT, PLAINTIFF'S BURDEN

To prevail on her claim under the Equal Pay Act in this case, the Plaintiff must prove by a preponderance of the evidence each of the following:

1.      That she has been employed by Walmart doing substantially equal work on a job or jobs requiring substantially equal skill, effort, and responsibility as jobs held by members of the opposite sex;

2.      That the job or jobs are performed under similar working conditions; and

3.      That she was paid a lower bonus for FYE 2007 than male store managers in her Market who managed a store with substantially equal characteristics during FYE 2007, such as its sales volume, profit volume, sales history, profit history, physical size, customer base, products, competition, proximity to another Walmart store, and whether construction occurred at the store during the fiscal year.

For the Equal Pay Act claim, Plaintiff does not need to prove that Walmart intended to discriminate on the basis of Plaintiff's sex.

If you determine that Plaintiff has failed to prove any of these three elements, your verdict must be for Walmart.

Authority: *See Corning Glass Works v. Brennan,* 417 U.S. 188 (1974); *Reznick v. Associated Orthopedics & Sports Medicine,* 2004 WL 1559571 (5th Cir. 2004) (unpublished opinion); *Cullen v. Indiana University Board of Trustees,* 338 F.3d 693, 698 (7th Cir. 2003); *Ryduchowski v. The Port Authority of New York,* 203 F.3d 135, 142 (2d Cir. 2000); *Stopka v. Alliance of American Insurers,* 141 F.3d 681, 685–86 (7th Cir. 1998); *Arrington v. Cobb County,* 139 F.3d 865, 876 (11th Cir. 1998); *Schwartz v. Florida Board of Regents,* 807 F.2d 901 (11th Cir. 1987); *Plemer v. Parsons-Gilbane,* 713 F.2d 1127 (5th Cir. 1983); Third Circuit Pattern Jury Instructions for the Equal Pay Act – 11.1.1.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5**
**EPA - LOWER BONUS THAN MALE COMPARATORS**

Plaintiff must prove that Walmart paid her a lower bonus than male store managers in her Market doing equal work. You should consider all evidence you have heard concerning the bonuses Walmart pays its store managers in determining whether the Plaintiff has been paid a lower bonus than male store managers in her Market. You may consider evidence showing that there were male store managers in her Market who received a lower bonus than Plaintiff in determining whether Plaintiff met this element.

Authority: *See* 29 C.F.R. §1620.10 (2004); *Los Angeles Dept. of Water & Power v. Manhart*, 435 U.S. 702 (1978); O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* §174.21 (5th ed. 2001).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6
## EPA - EQUAL SKILL, EFFORT AND RESPONSIBILITY

Plaintiff must prove that she has been employed by Walmart doing equal work on a job, the performance of which requires equal skill, effort, and responsibility.

*Skill:*

In deciding whether the jobs require substantially equal "skill" you should consider such factors as the level of education, experience, training and ability necessary to meet the performance requirements of the respective jobs. Jobs may require "equal skill" even if one job does not require workers to use these skills as often as another job. Remember also that you are to compare the jobs, not the employees. So the fact that a male employee has a qualification that Plaintiff does not is relevant only if the particular qualification is necessary or useful for performing the job.

*Effort:*

In deciding whether the jobs require substantially equal "effort" you should consider the mental, physical and emotional requirements for performing the job. Duties that result in mental or physical fatigue or emotional stress, as well as factors that alleviate fatigue and stress, should be weighed together in assessing the relative effort involved. "Equal effort" does not require people to use effort in exactly the same way. If there is no substantial difference in the amount or degree of effort to do the jobs, they require "equal effort." However, if the job of the male store manager(s) require(s) additional tasks that consume a significant amount of extra time and effort that would not be expected of Plaintiff, then the jobs do not require substantially equal effort. For example, if you find that a male store manager was required to consume more time and effort to meet his bonus plan in FYE 2007 than Plaintiff because of his store's characteristics, such as its sales volume, profit volume, sales history, profit history, physical size, customer base,

products, competition, proximity to another Walmart store, and/or construction performed at the store during FYE 2007, then the bonus plan did not require substantially equal effort as Plaintiff's bonus plan for that year.

*Responsibility:*

In deciding whether the jobs involve substantially equal "responsibility," you should consider the degree of accountability expected by the employer for a person filling the jobs, as well as the amount of preparation required to perform the job duties. You should also take into account such things as the level of authority delegated to plaintiff as compared to the male employee(s), including whether plaintiff and the male employee(s) were equally expected to direct the work of others, or to represent Walmart in dealing with customers or suppliers. Finally, you should consider the consequences to the employer of effective performance in the respective jobs.

You should note that "skill," "effort" and "responsibility" constitute separate tests, each of which must be met in order for the equal pay requirement to apply.

Authority: *See* 29 C.F.R. §1620.14-17 (2004); Third Circuit Pattern Jury Instructions for the Equal Pay Act – 11.1.1; *Cullen v. Indiana University Board of Trustees*, 338 F.3d 693, 698 (7th Cir. 2003); *Kovacevich v. Kent State University*, 224 F.3d 806, 826 (6th Cir. 2000); *Buntin v. Breathitt County Board of Education*, 134 F.3d 796, 799 (6th Cir. 1998).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7
### EPA - SHIFTING OF BURDENS

If you determine that the Plaintiff has established by a preponderance of the evidence all the elements of her case, then the burden of proof shifts to Walmart to prove by a preponderance of the evidence that the difference in bonus pay was justified under one of the Equal Pay Act's exceptions. The applicable exceptions are:

1.      a system that measures earnings by quantity or quality of production, or

2.      a differential based on any other factor other than sex.

To establish that one of the exceptions applies, Walmart must show that the factor of sex provided no part of the basis for the wage difference.

If Walmart establishes that a difference in the bonus for FYE 2007 is caused by one of these exceptions, you must decide in favor of Walmart. On the other hand, if you determine that Plaintiff has established the required elements of her Equal Pay Act claim *and* you further find that Walmart has failed to prove that a difference in the FYE 2007 bonus is caused by any of these exceptions, you must decide in favor of the Plaintiff.

Authority: *See Corning Glass Works v. Brennan,* 417 U.S. 188 (1974); *Harrison-Pepper v. Miami University,* 2004 WL 1532251 (6th Cir. 2004) (unpublished opinion); *Wollenburg v. Comtech Manufacturing Co.,* 201 F.3d 973, 976 (7th Cir. 2000); *Stanziale v. Jargowsky,* 200 F.3d 101 (3d Cir. 2000); *Schwartz v. Florida Board of Regents,* 807 F.2d 901 (11th Cir. 1987); *Plemer v. Parsons-Gilbane,* 713 F.2d 1127 (5th Cir. 1983); *Bence v. Detroit Health Corp.,* 712 F.2d 1024 (6th Cir. 1983); *Kouba v. Allstate Insurance Co.,* 691 F.2d 873 (9th Cir. 1982); 29 U.S.C.A. § 206(d)(1) (1978); O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* §174.50 (5th ed. 2001).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 8
## EPA - SYSTEM BASED ON QUANTITY OR QUALITY OF PRODUCTION

To establish the defense that the differences in bonuses were the result of a system based on quantity or quality of production, Walmart must show that such a system exists. A valid system under this exception measures the store manager's bonuses by the quantity or quality of the store manager's production.

The quantity test refers to equal dollar per unit compensation rates. No discrimination can occur under this test if two store managers have the same bonus formula but one receives more bonus money because he or she produces more under the criteria in the bonus formula, *i.e.*, a percentage increase of sales and/or profits as compared to the particular store's historical sales and/or profit volumes.

The quality test refers to increased compensation for higher quality products. No discrimination occurs if the employer rewards employees of both sexes equally for producing higher quality products through compensation incentives.

Authority: *See Bence v. Detroit Health Corp.,* 712 F.2d 1024 (6th Cir. 1983); O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* §174.53 (5th ed. 2001).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9
## EPA – BUSINESS RELATED REASON – FACTORS OTHER THAN SEX

In addition to Walmart's defense that the differences in bonuses between store managers in Mr. DeFeo's Market were the result of a system based on quantity or quality of production, you must also consider Walmart's defense that the difference in bonus pay between the two jobs was the result of a factor other than sex. Specifically, Walmart claims that the differences in bonus plans were attributable to differences in each store manager's ability to maximize its sales and profits, which can depend upon a number of factors, including but not limited to the store's history of sales and profits, the store's physical size, the store's customer base, its products, competition, construction at the store, and its proximity to another Walmart store. To establish that this defense, Walmart must show that Plaintiff's sex played no part in the difference in bonuses.

If you find Walmart has proved by a preponderance of the evidence that the differences in bonus plans were the result of a system based on quantity or quality of production and/or differences in each store's ability to maximize its sales and profits, your verdict must be for Walmart. However, if you determine that Walmart has failed to prove that the differences in bonuses were caused by these two defenses, you must decide in favor of Plaintiff.

Authority: *See* 29 U.S.C.A. §206(d)(1)(1998); Third Circuit Pattern Jury Instructions for the Equal Pay Act – 11.2.4; *Hutchins v. International Brotherhood of Teamsters,* 177 F.3d 1076, 1081 (8th Cir. 1999); *Lindale v. Tokheim Corporation,* 145 F.3d 953, 957 (7th Cir. 1998); *Wollenburg v. Comtech Manufacturing Co.,* 201 F.3d 973, 976 (7th Cir. 2000); *Gosa v. Bryce Hospital,* 780 F.2d 917, 918 (11th Cir. 1986); *Covington v. Southern Illinois Univ.,* 816 F.2d 317, 321–22 (7th Cir.), *cert. denied*, 484 U.S. 848 (1987).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10
### EPA – WILLFULNESS

If you find that Plaintiff has proved by a preponderance of the evidence that she was paid substantially less bonus money for FYE 2007 than male store managers in her Market who managed a store with substantially equal characteristics during FYE 2007, such as its sales volume, profit volume, sales history, profit history, physical size, customer base, products, competition, proximity to another Walmart store, and whether construction occurred at the store during the fiscal year, and if you find that Walmart has failed to show that the difference in bonus amount paid during FYE 2007 was based on a permissible factor on which I previously instructed you, then you must award damages to Plaintiff. Plaintiff has the burden of proving the amount of those damages by a preponderance of the evidence.

In this case, Plaintiff alleges that Walmart willfully violated the Equal Pay Act. If Plaintiff proves to you by a preponderance of the evidence that Walmart's violation of the Equal Pay Act was willful, then this will have an effect on the damages that you must award. I will explain this effect in a minute, but first I will provide you more information on what it means to be a "willful" violation.

You must find Walmart's violation of the Equal Pay Act to be willful only if Plaintiff proves by a preponderance of the evidence that Walmart knew or showed reckless disregard for whether its treatment of Plaintiff with regard to her FYE 2007 bonus as compared to the male store managers in her Market was prohibited by the law. To establish willfulness, it is not enough to show that Walmart acted negligently. If you find that Walmart did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard for whether its conduct was prohibited by the law, then Walmart's conduct was not willful.

If you find that Walmart's violation was willful, then you must award Plaintiff the amount of damages that compensates her for the difference between what bonus she was paid and the average amount of what male store managers were paid in bonuses during the relevant period starting three years before the date the lawsuit was filed. However, if you find that Walmart's violation of the Equal Pay Act was not willful, then you must award Plaintiff the difference between what bonus she was paid and the average amount of what male store managers were paid in bonuses during the period starting two years before the date the lawsuit was filed.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

Authority: *See* 29 U.S.C. §216(c). *See* 29 U.S.C.A. §260 (1998); Third Circuit Pattern Jury Instructions for the Equal Pay Act – 11.3.3; *Herman v. RSR Security Services LTD.,* 172 F.3d 132, 141 (2d Cir. 1999); *Dybach v. Florida Department of Corrections,* 942 F.2d 1562 (11th Cir. 1991); *Hultgren v. Lancaster,* 913 F.2d 498 (8th Cir. 1990); *Peters v. City of Shreveport,* 818 F.2d 1148 (5th Cir. 1987); *Walton v. United Consumers Club, Inc.,* 786 F.2d 303 (7th Cir. 1986); *Williams v. Tri-County Growers, Inc.,* 747 F.2d 121 (3d Cir. 1984).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 11
## INDIVIDUAL LIABILITY- DONALD DE FEO
## NYSHRL

In addition to naming Walmart as a defendant in this case, Plaintiff has also named her former supervisor, Don DeFeo, as an individual defendant. Individuals may be found liable for violations of the New York State Human Rights Law. They may not be held liable under Title VII or the Equal Pay Act.

If you are persuaded by a preponderance of the evidence that Mr. DeFeo personally discriminated against Plaintiff on account of her gender, you may find Mr. DeFeo liable for aiding and abetting in the discrimination. However, if you find that Plaintiff has not proven her discrimination claim against Walmart, you must find in favor of Mr. DeFeo with respect to Plaintiff's aiding and abetting claim.

Authority:  *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995); *Patrowich v. Chemical Bank*, 63 N.Y.2d 541, 542, 483 N.Y.S.2d 659 (1984); *Cerrato v. Durham*, 941 F. Supp. 388, 396-97 (S.D.N.Y. 1996).

**DEFENDANTS' REQUESTS WITH RESPECT TO DAMAGES INSTRUCTIONS**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 12**
**CONSIDER DAMAGES ONLY IF NECESSARY**

I am about to instruct you as to the proper measure of damages. The fact that I am giving you this instruction should not be considered as an indication of any view of mine as to whether Plaintiff is entitled to a verdict against the Defendants with respect to any of her claims. Instructions as to the measure of damages are given only for your guidance, in the event that you should find in favor of the Plaintiff on the question of liability on one or more of her claims, by preponderance of evidence and in accordance with the other instructions I have given you. If you decide that the Plaintiff is not entitled to prevail with respect to any of her claims, you need go no further and do not have to address the issue of damages.

Authority: 3 Hon. Edward J. Devitt, *Federal Jury Practice and Instructions* ("FJPI") § 74.02 (4th ed. 1987).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 13
### DAMAGES-SPECULATION

Plaintiff bears the burden of proof not just on her substantive claims, but also with respect to the amount and calculation of any damages that she seeks. In the event that you find in favor of Plaintiff on one or more of her claims, you may not speculate regarding the amount of any damages that you may award. The amount of your verdict must be based on the evidence presented at trial.

Therefore, you are not to award the Plaintiff speculative damages. Speculative damages are those damages that although possible, are remote, conjectural or the product of guesswork. If Plaintiff fails to prove by a preponderance of the credible evidence the amount of damages that they each claim, you may not simply guess as to the amount of damages.

Authority: *Oiness v. Walgreen Co.,* 88 F.3d 1025 (Fed. Cir. 1996); *Dominic v. Consolidated Edison Co.,* 822 F.2d 1249, 1257-58 (2d Cir. 1987).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 14
### ACTUAL DAMAGES

If you find in favor of the Plaintiff, then you must award Plaintiff such sum as you find by the preponderance of the evidence will fairly and justly compensate Plaintiff for any damages you find she sustained as a direct result of the Walmart's decision to assign her the FYE 2007 bonus plan. Plaintiff's claim for damages includes two distinct types of damages and you must consider them separately:

*First*, you must determine the amount of any bonus Plaintiff has proven by a preponderance of the evidence that she would have earned if she had not been assigned her FYE 2007 bonus plan, and award her the difference, if any, between such amount and what she was actually already paid by Walmart for her FYE 2007 bonus.

*Second*, you must determine the amount, if any, of emotional distress damages that Plaintiff has proved by preponderance of the evidence that she suffered as direct result of her FYE 2007 bonus.

Authority:  42 U.S.C. § 1981a(a), (b); Broadnax v. City of New Haven, 415 F.3d 265 (2d Cir. 2005).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 15
### NOMINAL DAMAGES

If you find in favor of the Plaintiff, but you find that the Plaintiff's damages have no monetary value, then you must return a verdict for the Plaintiff in the nominal amount of one dollar ($1.00).

Authority: Azimi v. Jordan's Meats, Inc., 456 F.3d 228 (1st Cir. 2006); Eighth Circuit Civil Jury Instruction 5.03.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 16**
**EMOTIONAL DISTRESS**

As I mentioned already, the Plaintiff seeks to recover damages for emotional distress she claims she experienced as a result of her FYE 2007 bonus. To recover such damages, the Plaintiff must prove, by a preponderance of the evidence, that she experienced emotional distress and that this emotional distress was the direct result of intentional gender discrimination by Walmart.

Vague or ambiguous evidence is an insufficient basis for an award of damages for emotional distress. Rather, there must be substantial evidence of emotional injury resulting from the unlawful conduct. Thus, if you find that the Plaintiff has proven that she suffered emotional distress but the emotional distress was caused by something other than Walmart's allegedly discriminatory conduct in connection with Plaintiff's FYE 2007 bonus, such as personal problems, pre-existing conditions, or legitimate workplace discipline, then the Plaintiff is not entitled to recover damages for that emotional distress. If you find that only part of the Plaintiff's emotional distress was caused by the Defendants' discriminatory conduct, then you should only award damages for that part.

It is difficult generally to arrive at a precise evaluation of actual damages for emotional distress. Nonetheless, if you believe that Walmart engaged in unlawful conduct in connection with Plaintiff's FYE 2007 bonus that caused the Plaintiff to experience emotional distress and that the Plaintiff is entitled to recover damages for this emotional distress, it is necessary to arrive at a reasonable award that is supported by the evidence. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award damages for speculative injuries. Remember, throughout your deliberations, you must not engage in any speculation, guess or conjecture, and you must not award damages for emotional distress by the

way of punishment or because of sympathy. In order to recover emotional distress damages, the Plaintiff must prove to you by a preponderance of the evidence that she has suffered actual, discernable emotional injury as a result of the alleged discrimination and/or retaliation.

Authority:  MFJI, Instructions §§ 77-3, 85-14 (modified); *Annis v. County of Westchester*, 136 F.3d 239, 249 (2d Cir. 1998); *Hiller v. County of Suffolk*, 199 F.R.D. 101 (E.D.N.Y. 2001); *Thoreson v. Penthouse Int'l* , 179 A.D.2d 29, 32, 583 N.Y.S.2d 213, 215 (1st Dep't 1992), *aff'd*, 80 N.Y.2d 490, 591 N.Y.S.2d 978 (1992).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 17
### PUNITIVE DAMAGES

Plaintiff also seeks punitive damages. Punitive damages are an extraordinary sanction, available only under aggravated circumstances, to penalize a party for engaging in notably reprehensible conduct. The law does not generally look with favor upon punitive damages. It is for you to determine whether such damages should be awarded, based on the instructions I am about to give you.

To recover punitive damages on their discrimination claims, Plaintiff must show that Walmart acted with malice or reckless indifference to Plaintiff's protected rights under the law. In other words, Plaintiff must establish that Walmart discriminated against her in the face of a perceived risk that its actions violated the law.

In some cases, punitive damages may be awarded for the purpose of punishing an employer for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

So, an award of punitive damages would be appropriate only if you find for Plaintiff and then further find from a preponderance of the evidence that a management official at a level above the level of Market Manager acted with malice or reckless indifference to Plaintiff's protected rights under the law.

However, if you find that Walmart established that it had written policies prohibiting discrimination, and that it made a good faith effort to provide instruction and training to its employees concerning the policies, you may not award punitive damages.

You should bear in mind that such extraordinary damages may be awarded only in connection with any claim that you find unanimously that Plaintiff has proven by a preponderance of the evidence. Further, punitive damages may be allowed, based on the standards I have just described, only if you first unanimously award Plaintiff a verdict for back pay or emotional distress damages. You should also bear in mind not only the conditions under which the law permits an award of punitive damages to be made, but also the requirement of the law that the amount of such extraordinary damages, if awarded, must be fixed with calm discretion and sound reason and must never be either awarded or fixed in any amount because of sympathy or bias or prejudice with regard to any party to the case. The amount of punitive damages must be in proportion to the evidence that Walmart's conduct was purposeful, or the damages will be excessive. If you award punitive damages, they must be separately stated in your verdict.

Authority: *Kolstad v. ADA*, 527 U.S. 526 (1999); *Zimmermann v. Associates First Capital Corp.*, 251 F.3d 376, 385 (2d Cir. 2001); FJPI § 85.19.