UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AMY G. DEJOHN,
                       Plaintiff,

v.                                                    5:09-CV-01315
                                                    (GTS/ATB)
WAL-MART STORES EAST, LP, et al.,
                       Defendants.
_____

APPEARANCES:                                 OF COUNSEL:

O'HARA O'CONNELL & CIOTOLI          STEPHEN CIOTOLI, ESQ.
  Counsel for Plaintiff
7207 East Genesee Street
Fayetteville, NY 13066

LITTLER MENDELSON, P.C.             JOEL L. FINGER, ESQ.
  Counsel for Defendants                MICHAEL KESSEL, ESQ.
900 Third Avenue
New York, NY 10022-4834

One Biscayne Tower                         SCOTT FORMAN, ESQ.
2 South Biscayne Boulevard
Suite 1500
Miami, FL 33131

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court in this employment discrimination action is Defendants' motion for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. For the following reasons, this motion is granted.

## I.    RELEVANT BACKGROUND

Plaintiff commenced this action on November 24, 2009. (Dkt. No. 1.) Prior to filing her complaint in this Court, Plaintiff filed an administrative complaint with the New York State

Division of Human Rights on November 7, 2008. Plaintiff requested dismissal of her Division of Human Rights complaint for administrative convenience on September 1, 2009. On October 28, 2009, Plaintiff received a right-to-sue letter from the Equal Employment Opportunity Commission. (Dkt. No. 5.)

On August 17, 2012, United States Senior District Judge Neal P. McCurn granted Defendants' motion for summary judgment regarding all of Plaintiff's claims except for her disparate compensation claim under Title VII and the New York Human Rights Law, and her unequal pay claim under the Equal Pay Act.

A trial of those surviving claims commenced in this Court on March 18, 2013. After the close of Plaintiff's evidence, Defendants sought judgment as a matter of law on all of Plaintiff's claims for three alternative reasons: (1) they are barred by the applicable statute of limitations; (2) no reasonable juror could find that Plaintiff has proved the elements of her claims by a preponderance of the evidence; and (3) Defendants have met their burden to prove legitimate, non-discriminatory reasons for the difference in Plaintiff's pay compared to that of similarly situated male employees, but Plaintiff has failed to meet her burden to show that those reasons are a pretext for gender discrimination.

## II.   RELEVANT LEGAL STANDARDS

### A.   Legal Standard Governing Motions Under Fed. R. Civ. P. 50(a)

Rule 50(a)(1) of the Federal Rules of Civil Procedure provides that:

> [i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
> (A) resolve the issue against the party, and
> (B) grant a motion for judgment as a matter of law against the party....

Fed. R. Civ. P. 50(a)(1). "In ruling on a Rule 50(a) motion for judgment as a matter of law, the district court should 'review all of the evidence in the record,' and, in doing so, 'must draw all reasonable inferences in favor of the nonmoving party, and ... may not make credibility determinations or weigh the evidence.'" *Higgins v. Consolidated Rail Corp.*, 451 F. App'x. 25, 26 (2d Cir. 2011) (quoting *Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 150–51, 120 S. Ct. 2097 (2000)).

   B.  Legal Standard Governing Plaintiff's Claims

     1.  Title VII and NYHRL Disparate Compensation Claims

In order to prevail on her claim of disparate compensation under the New York Human Rights Law, Plaintiff must first meet her burden to show a prima facie case by establishing each of the following elements by a preponderance of the evidence: (1) Plaintiff is a member of a protected class; (2) Plaintiff was paid less than similarly situated male employees for work requiring substantially the same responsibility; and (3) Plaintiff's gender was a substantial or motivating factor in WalMart's decision in failing to compensate her the same as similarly situated male employees. *See Longmire v. Wyser-Pratte*, No. 2007 WL 2584662, at *13 (S.D.N.Y. Sept. 6, 2007) (citing *Belfi v. Prendergast*, 191 F.3d 129, 139 (2d Cir.1999)). In order to be similarly situated, the male employees with whom Plaintiff attempts to compare herself must be "similarly situated in all material respects." *Longmire*, No. 05-CV-6725, 2007 WL 2584662, at *13 (citing *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 64 (2d Cir.1997) (internal citation and quotation marks omitted)). "[T]here should be a reasonably close resemblance of facts and circumstances. What is key is that they be similar in significant respects." *Id.* (quoting *Lizardo v. Denny's, Inc*., 270 F.3d 94, 101 (2d Cir.2001) (internal citations omitted).

3

### 2. Legal Standard Governing NYHRL Claim for Aiding and Abetting Discrimination

Pursuant to NYHRL § 296.6, "[i]t shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of the acts forbidden under [the NYHRL], or to attempt to do so." N.Y. EXEC. LAW. § 296.6 .

In order to prevail on her claim that DeFeo aided and abetted Walmart's disparate compensation based on her gender, Plaintiff must prove by a preponderance of the evidence that (1) WalMart violated her right to be free from disparate compensation under the NYHRL; and (2) DeFeo actually participated in the conduct giving rise to Plaintiff's disparate compensation claim against WalMart. *See Feingold v. New York*, 366 F.3d 138, 158-59 (2d Cir. 2004); *Jordan v. Cayuga County*, No. 01-CV-1037, 2004 WL 437459, at *4 (N.D.N.Y. Feb. 9, 2004), quoting *Bennett v. Progressive Corp.*, 225 F.Supp.2d 190, 213 (N.D.N.Y.2002) (internal quotation and emphasis omitted)).

### 3. Equal Pay Act Claims

In order to prevail on her unequal pay claim against WalMart under the Equal Pay Act, Plaintiff must first meet her burden to establish a prima facie case with a showing by a preponderance of the evidence that (1) Walmart pays different wages to employees of the opposite sex, (2) the employees perform equal work on jobs requiring equal skill, effort, and responsibility, and (3) the jobs are performed under similar working conditions. *See Butler v. New York Health & Racquet Club*, 768 F. Supp. 2d 516, 528-529 (S.D.N.Y. 2011) (citing *Lavin-McEleney v. Marist Coll.*, 239 F.3d 476, 480 (2d Cir. 2001)).

In a professional setting, the proper test for establishing such a claim is "whether the plaintiff is receiving lower wages than the average of wages paid to all employees of the

opposite sex performing substantially equal work and similarly situated with respect to any other factors, such as seniority, that affect the wage scale." *Moccio v. Cornell University*, 889 F. Supp. 2d 539 (S.D.N.Y. 2012) (quoting *Lavin–McEleney v. Marist College*, 239 F.3d 476, 482 (2d Cir. 2001)).

Analysis of the element of Plaintiff's Title VII and NYHRL disparate compensation claims which requires proof that Plaintiff was paid less than similarly situated male employees for work requiring substantially the same responsibility is the same as the analysis of claims under the Equal Pay Act. *See Byrne v. Telesector Resources Group, Inc*., 339 F. App'x 13, 15 (2d Cir. 2009) (plaintiff's Title VII claims depend on the same facts and analysis as her NYHRL and EPA causes of action); *Guglielmo v. Marchon Eyewear, Inc*., No. 02-CV-5434, 2006 WL 398617, at *9 (E.D.N.Y. Feb. 16, 2006) (unequal pay for equal work claim is analyzed the same whether brought pursuant to Title VII, NYHRL or EPA).

### 4. Defenses

Should Plaintiff make out a prima facie case, the burden shifts to the employer to justify the wage differential by proving that the disparity in wages results from one of the Equal Pay Act's affirmative defenses, such as "(i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of product; or (iv) a differential based on any other factor other than sex." *Kanhoye v. Altana Inc*., 686 F. Supp. 2d 199, 213 (E.D.N.Y. 2009) (quoting 29 U.S.C. § 206(d)(1)). "[T]o successfully establish the 'factor other than sex' defense, an employer must also demonstrate that it had a legitimate business reason for implementing the gender-neutral factor that brought about the wage differential." *Belfi v. Prendergast*, 191 F.3d 129, 136 (2d Cir. 1999).

The four affirmative defenses to an allegation of sex-based unequal pay under the EPA apply to gender-based unequal pay claims made under Title VII and the NYHRL. These defenses, which are essentially a defendant's proffer of its legitimate, non-discriminatory reason for the pay differential, are likewise considered on a plaintiff's Title VII or NYHRL disparate compensation claim, under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973). *See Trumble v. County of Oswego*, No. 11-CV-462, 2012 WL 39636, at *6 (N.D.N.Y. Jan. 6, 2012).

### 5. Pretext

If WalMart meets its burden to prove one of its affirmative defenses by a preponderance of the evidence, Plaintiff may counter WalMart's affirmative defense by producing evidence that the reasons its seeks to advance are actually a pretext for sex discrimination. "The appropriate inquiry to determine if the factor put forward is a pretext, is whether the employer has used the factor reasonably in light of the employer's stated purpose as well as its other practices." *Belfi*, 191 F.3d at 136 (2d Cir. 1999) (quoting *Maxwell v. City of Tucson*, 803 F.2d 444, 446 (9th Cir.1986)).

### C. Statute of Limitations Governing Plaintiff's Claims

### 1. Title VII

Claims are timely under Title VII if an administrative complaint is filed within 300 days of the alleged discriminatory act, and a judicial action is filed within 90 days of receipt of a right-to-sue letter by the administrative body. *See Ruggerio v. Dynamic Elec. Sys. Inc.*, No. 12-CV-100, 2012 WL 3043102, at *6 (E.D.N.Y. Jul. 25, 2012) (citing 42 U.S.C. § 2000e–5(e)–(f)).

Here, Plaintiff's Division of Human Rights complaint was filed on November 7, 2008. Three hundred days prior to that date is January 12, 2008. Accordingly, if Plaintiff's Title VII claim accrued prior to January 12, 2008, it is barred by the statute of limitations.

### 2. Equal Pay Act

Claims under the EPA are timely if filed within two years of accrual, or three years for willful violations. *See Morales v. City of New York Dep't of Juvenile Justice*, No. 10-CV-829, 2012 WL 180879, at *7 (S.D.N.Y. Jan. 23, 2012.) (citing 29 U.S.C. § 255(a)). A violation is willful within the meaning of the FLSA (of which the EPA is a part) if the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Frasier v. General Elec. Co.*, 930 F.2d 1004, 1008 (2d Cir. 1991) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S. Ct. 1677, 1681 (1988)).

This action was commenced on November 24, 2009. Accordingly, if Plaintiff's EPA claim accrued prior to November 24, 2006, it is barred by the statute of limitations if WalMart's violation of the EPA was willful. If WalMart's violation was not willful, Plaintiff's EPA claim is time barred if it accrued prior to November 24, 2007.

### 3. New York Human Rights Law

Under the New York Human Rights Law ("NYHRL"), the limitations period runs for three years from the date on which an action asserting NYHRL violations is filed, but this limitations period is typically tolled for the period between the filing of an administrative charge and the issuance of a right-to-sue letter. *See Sloth v. Constellation Brands, Inc.*, 883 F. Supp. 2d 359, 373 (W.D.N.Y. 2012) (citing N.Y. C.P.L.R. § 214(2) (McKinneys 2008)). However, where, as here, a plaintiff requests and receives an administrative convenience dismissal, N.Y.

Executive Law § 297(9) makes clear that "any judicial proceedings are subject to New York's general three-year statute of limitations, measured from the occurrence of the discrimination, with no tolling for the period in which the claim was pending in the administrative process." *Varone v. City of New York*, 02-CV-1089, 2003 WL 21787475, at *2 (S.D.N.Y. Aug. 4, 2003) (quoting *New York State Nat. Org. for Women v. Pataki*, 261 F.3d 156, 161 (2d Cir.2001)). *See also Bishop v. Henry Modell & Co., Inc.*, No. 08-CV-7541, 2009 WL 3762119 (S.D.N.Y. Nov. 10, 2009), aff'd 422 F. App'x 3 (2d Cir. 2011).

Here, Plaintiff's Division of Human Rights complaint was filed on November 7, 2008, Plaintiff requested dismissal for administrative convenience on September 1, 2009, and a right-to-sue letter was issued on October 28, 2009. Therefore, the statute of limitations on Plaintiff's NYHRL claim was not tolled. Accordingly, applying the three-year statute of limitations to Plaintiff's NYHRL claim, it is untimely if it accrued prior to November 24, 2006.

### 4. Accrual of Statute of Limitations

An action for intentional employment discrimination accrues when the Plaintiff discovers the discriminatory conduct. *Cf. June-Il Kim v. SUK Inc.*, No. 12-CV-1557, 2013 WL 656844, at *5 (S.D.N.Y. Feb. 22, 2013) (citing *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1140141 (7th Cir.1992) ("Because the purpose of Section 510 [of ERISA], like intentional employment discrimination cases, is to prevent actions taken for an unlawful purpose, it is the decision [to act discriminatorily] and the [plaintiff's] discovery of this decision that dictates accrual..")).

A continuing violation theory of accrual is not available on claims of disparate compensations, whether brought under the EPA, Title VII, or the NYHRL. The Court of Appeals for the Second Circuit has held that payment of unequal compensation under the EPA

does not constitute a continuing violation as it is "fundamentally unlike other claims of ongoing discriminatory treatment because it involves a series of discrete, individual wrongs rather than a single and indivisible course of wrongful action." *Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 119 (2d Cir. 1997). *See also Calvello v. Electronic Data Sys.*, No. 00-CV-800, 2004 WL 941809, at *2 (W.D.N.Y. Apr. 15, 2004); *Fox v. CUNY*, No. 94-CV-4398, 1998 WL 273049, at *3 (S.D.N.Y. May 27, 1998). Courts in this circuit have also applied that reasoning in Title VII discrimination claims for disparate compensation. *See Kearney v. ABN Amro, Inc.*, No. 04-CV-6885, 2006 WL 2354819, at *3 (S.D.N.Y. Aug. 10, 2006); *Quarless v. Bronx-Lebanon Hosp. Ctr.*, 228 F. Supp. 2d 377, 382 (S.D.N.Y. 2002); *Calvello*, 2004 WL 941809, at *2; *Fox*, 1998 WL 273049, at *3. Accordingly, the court will not consider a continuing violation theory when deciding whether Plaintiff's compensation claims are time-barred.

### III.   ANALYSIS

#### A.   Plaintiff's Claims Are Time-Barred

After carefully considering the matter, the Court finds that no rational fact finder could conclude, based on the evidence adduced at trial, that Plaintiff's disparate compensation claim accrued after March 2006. On direct examination, Plaintiff testified that in March 2006, she realized that the FYE 2007 bonus plan was discriminatory to her based on her gender, and complained to DeFeo on that ground. Plaintiff also testified that she complained to DeFeo in March 2006 that she was shorted on her bonus for FYE 2006. Plaintiff further testified that in February 2006, she first realized that the FYE 2007 bonus plan for managers, based on sales and profit, was discriminatory to her based on her gender, and she complained to Paul Busby at that time. On cross-examination, Plaintiff admitted that she first discovered that the FYE 2007 plan

was discriminatory in January 2006.  Based on the entirety of Plaintiff's testimony, no reasonable juror could conclude that she first discovered that WalMart was discriminating against her based on her gender any later than March 2006.  Because Plaintiff discovered a discriminatory act or omission before January 12, 2008, her Title VII claim is time-barred.  Because she discovered a discriminatory act or omission before November 24, 2006, Plaintiff's EPA claim and NYHRL claim are also time barred.  Accordingly, the Court finds that, as a matter of law, Plaintiff's claims must be dismissed because they are barred by the statute of limitations.

>    **B.**     **Even if Timely, Plaintiff's Claims Fail on the Merits**

Even if Plaintiff's claims were timely, based on the evidence submitted by Plaintiff, no reasonable juror could find that she has proved a prima facie case on any of her claims.  First, no reasonable juror could determine, based on the evidence of record, that WalMart or DeFeo discriminated against Plaintiff based on her gender.  Accordingly, Defendants are entitled to judgment as a matter of law on Plaintiff's Title VII and NYHRL claims.  Second, no reasonable juror could determine, based on the evidence of record, that Plaintiff was paid differently than similarly situated male employees of WalMart.  Accordingly, Defendants are entitled to judgment as a matter of law on all of Plaintiff's claims.

>         **1.**     **Discriminatory Animus**

In order to prove her disparate pay claim against WalMart under Title VII and the NYHRL, Plaintiff must first prove that WalMart discriminated against her in terms of her compensation based upon her gender.  Based on the evidence submitted by Plaintiff, no reasonable juror could find in Plaintiff's favor on this element of her disparate compensation claims under Title VII and the NYHRL.

On direct examination Plaintiff testified that she feels that she was discriminated against by WalMart based on her gender in her FYE 2007 bonus plan. On cross-examination, Plaintiff admitted that she bases her claim of discriminatory animus on the fact that the men's bonuses went up for FYE 2007 but hers went down. Plaintiff admitted that she did not know who specifically made the decision regarding that bonus plan, and that she did not know DeFeo's level of involvement in drafting the plan. Plaintiff further admitted that the people at WalMart who did draft the plan did not know who she was or that she is female. Paul Busby, a Regional General Manager for WalMart, who was DeFeo's supervisor during the relevant time, testified that DeFeo gave him recommendations regarding the sales and profit numbers for his market, and that Busby in turn gave recommendations to the Finance Department at WalMart, which had the final say on the plan. Plaintiff has failed to adduce any evidence of what DeFeo's recommendations were or whether those recommendations where incorporated into the plan by WalMart. Moreover, Plaintiff has failed to adduce any evidence that DeFeo or any other employee of WalMart had any discriminatory animus toward Plaintiff based on her gender. Accordingly, because no reasonable juror could find in favor of Plaintiff on this element of her Title VII and NYHRL disparate compensation claims against WalMart, WalMart is entitled to judgment as a matter of law on those claims.

Further, in order to prove her aiding and abetting claim against DeFeo under the NYHRL, Plaintiff must prove that WalMart violated her right to be free from disparate compensation under the NYHRL. Because WalMart is entitled to judgment as a matter of law on the disparate compensation claim against it, DeFeo is likewise entitled to judgment as a matter of law on Plaintiff's aiding and abetting claim against him under the NYHRL.

**2.     Pay Differential**

In order to prevail her on her unequal pay claim under the Equal Protection Act as well as her disparate compensations claims under Title VII and NYHRL, Plaintiff must first prove that the male employees to whom she compares herself perform equal work on jobs requiring equal skill, effort, and responsibility; and that the jobs are performed under similar working conditions. The law is clear that the proper test for establishing such a claim is "whether the plaintiff is receiving lower wages than the **average** of wages paid to all employees of the opposite sex performing substantially equal work and similarly situated with respect to any other factors, such as seniority, that affect the wage scale." *Lavin–McEleney*, 239 F.3d at 482 (emphasis added).

Based on the evidence adduced by Plaintiff, no reasonable juror could find that Plaintiff was paid less than similarly situated male employees. Plaintiff has stipulated to the accuracy of the information contained in Defendants' Exhibit 23, which has been received into evidence. This exhibit lists the amount of bonus payments to store managers who managed "supercenters" in DeFeo's market for Fiscal Year Ending 2006 through 2008. To be sure, Plaintiff does not claim that her FYE 2008 bonus was discriminatory. To the extent Plaintiff's claim includes an allegation that her FYE 2006 bonus was discriminatory, the Court notes that the average bonus among the male managers in DeFeo's market for FYE 2006 was $102,105. Plaintiff's bonus for FYE 2006 was $119, 435, which is above the average bonus of the male managers. For FYE 2007, Plaintiff received a total bonus of $92,601. The average bonus of the male managers in DeFeo's market in FYE 2007 was $86,242. Accordingly, Plaintiff's bonus was in excess of the average bonus of the male managers for FYE 2007. Based on this evidence, which has not been disputed, no reasonable juror could conclude that Plaintiff was paid less than similarly situated male employees.

### C.  Even if Plaintiff Proved a Prima Facie Case of Discrimination, Defendants have Proved Legitimate, Non-Discriminatory Reasons for Difference in Pay

Even if Plaintiff has met her burden to prove a prima facie case on all of her claims, based on the evidence submitted by Plaintiff, no reasonable juror could find that WalMart has not met its burden to show, by a preponderance of the evidence, that any difference in compensation is based on (1) a system which measures earnings by quantity or quality of product, or (2) a differential based on any other factor other than sex.

Based on the evidence of record, which Plaintiff has failed to dispute, WalMart's FYE 2007 bonus plan for managers was based on sales and profit figures for the particular store in which a manager works, as well as consideration of additional factors such as the store's size, customer base, ongoing construction, and/or competition.

Plaintiff has failed to adduce evidence that WalMart's proffered affirmative defenses were instead a pretext for discrimination, other than her own subjective belief that she was discriminated against because she is female. "[A]n employee's unsupported subjective belief that she was being discriminated against is insufficient to establish that the employer's articulated legitimate reason for its employment action is a pretext for illegal discrimination." *Mixon v. Buffalo Medical Group, P.C.*, No. 10-CV-1043, 2013 WL 597594, at*6 (W.D.N.Y. Jan. 28, 2013) (citing *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 456 (2d Cir.1999)).

For this additional reason, Defendants are entitled to judgment as a matter of law on each of Plaintiff's claims.

**ACCORDINGLY,** it is

**ORDERED** that Defendants' motion for judgment as a matter of law pursuant to Rule 50(a) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall enter judgment in favor of the Defendants and against Plaintiff accordingly.

Dated: March 20, 2013
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge